# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

           Plaintiff-Respondent,

    v.

Rony Eleazar Guerra-Guala,

           Defendant-Movant.

Civ. No. 13-2261 (RHK)
Crim. No. 10-288(1) (RHK/JSM)

**MEMORANDUM OPINION and ORDER**

---

Rony Eleazar Guerra-Guala, Federal Correctional Institution – Elkton, P.O. Box 10, Lisbon, Ohio, 44432, Defendant-Movant, pro se.

Julie Allyn, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Plaintiff-Respondent.

---

## INTRODUCTION

This matter is presently before the Court pursuant to a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 645), which has been filed, pro se, by Defendant Rony Eleazar Guerra-Guala. The Motion has been fully briefed by the parties, and is now before the Court for final adjudication. For the reasons discussed below, Defendant's Motion will be DENIED.

## BACKGROUND

In 2010, Defendant was indicted on a charge of conspiring to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(c), and 846. In May 2011, Defendant pled guilty to the charged offense by entering a "straight-up

plea," meaning that there was no agreement between the Government and the Defendant with regard to the Defendant's sentence.

During the course of the plea hearing, Defendant was informed that the mandatory minimum sentence he could receive would be ten years in prison, and the maximum sentence would be life in prison.  (Plea Transcript, [hereafter "PT"], [Doc. No. 457], pp. 8-9.)  Defendant expressly acknowledged that he understood the statutory minimum and maximum sentences for the offense to which he was pleading guilty.  (Id.)  Defendant also was informed that the Government would later argue at sentencing that he was a "leader" of a drug distribution organization, and that his sentence should be affected by his role in the organization.  (Id., pp. 8, 10.)  The Government's attorney specifically informed Defendant that the Government believed his sentence could be in the range of 262 to 327 months, and Defendant said he understood that to be the case.  (Id., p. 10.)  The Court subsequently reiterated that Defendant's sentence would be determined based on several criteria, including advisory sentencing guidelines, which the Court described as "a set of guidelines which are to assist federal judges in determining what is an appropriate sentence."  (Id., p. 17.)  The Court explicitly told Defendant that a ten-year sentence would be the mandatory minimum, and "it might be more than ten years that we're talking about."  (Id., p. 18.)

After Defendant pled guilty, a pre-sentence investigation report was filed, numerous briefs and exhibits were filed, and an evidentiary hearing was conducted – all for the purpose of informing the Court about the facts that would affect Defendant's sentencing.  The Court ultimately determined that Defendant was a "leader" of the organization that distributed the drugs involved in his offense, and that the organization had distributed more than 15 kilograms of illegal substances.  (Sentencing Transcript, [hereafter "ST"], [Doc. No. 607], pp. 29-30.)  Based on those determinations, the Court

found that the sentencing range, under the advisory guidelines, was 262 to 327 months. (<u>Id</u>., p. 30.) However, the Court did not impose a sentence within the guidelines range, but instead the Court imposed a sentence of 192 months, (<u>id</u>., pp. 31-32), which was well <u>below</u> the guidelines range.

After Defendant was sentenced, he filed a direct appeal. On appeal, Defendant argued that there was insufficient evidence to support this Court's determinations that (a) Defendant was a leader of the drug distribution organization, and (b) that the amount of the drugs attributable to the organization's activities was at least 15 kilograms. The Court of Appeals rejected all of Defendants arguments on the merits, and his conviction and sentence were affirmed. <u>United States v. Lopez</u>, 497 Fed. App'x 687 (8th Cir. 2013) (unpublished opinion).

On August 16, 2013, Defendant filed his present Motion for post-conviction relief under 28 U.S.C. § 2255. Giving Defendant's § 2255 Motion the benefit of liberal construction, the Court finds that he has presented three discernible claims of ineffective assistance of counsel. Defendant claims that he was deprived of his constitutional right to effective assistance of counsel, because –

(1) his attorney failed to inform him that he could be sentenced to more than the 10-year mandatory minimum based on sentencing enhancement factors found after the plea hearing;

(2) his attorney did not object to having the sentencing enhancement factors determined by the Court, rather than a jury; and

(3) his attorney failed to seek and obtain a reduced sentence based on "fast track downward departure" procedures.

For the reasons discussed below, the Court finds that none of Defendant's current claims for relief is sustainable.

3

## ANALYSIS

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668 (1984).  Under the Strickland test, a defendant claiming ineffective assistance of counsel must show (a) that the attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced the defendant's case.

Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance.  Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000).  Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight."  Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998).  See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").  To meet the "prejudice" part of the Strickland test, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Defendant's current claims of ineffective assistance of counsel must be evaluated in accordance with the two-step formula prescribed by Strickland.

### I.  Alleged failure to inform Defendant about potential sentence enhancements

Defendant initially contends that he received ineffective assistance of counsel, because his attorney did not inform him that he could receive a sentence longer than the ten-year mandatory minimum, based on sentencing factors that would be considered after Defendant entered his guilty plea.  Defendant has offered no evidence to support this claim, aside from his own self-serving

affidavit, in which he asserts that: "I was suprised [sic] by the organizer leader role enhancement as I was led to believe that I would be facing a sentence of around ten years." (Affidavit of Rony Guerra-Guala, [Doc. No. 645-1], p. 1, ¶ 3.)

Defendant's contention that his attorney did not tell him that sentence enhancements could increase his sentence above the ten-year minimum is simply not credible. At Defendant's plea hearing, the prosecutor asked Defendant a series of questions about his understanding of his future sentencing. In his responses to those questions, Defendant clearly acknowledged that (1) he knew that he was facing a mandatory minimum of ten years in prison, (PT, p. 9); (2) he knew that the maximum prison sentence for his offense was life in prison, (PT, pp. 8-9); (3) he knew that the Government would later argue that he was a leader in a drug distribution organization, (PT, p. 8); and (4) he knew that "if the Government won its argument about [Defendant's] role" in the conspiracy offense, he could be facing a sentence of 262 to 327 months, (PT, p. 10). Defendant has failed to explain how he knew about all of these matters pertaining to his sentencing, if his attorney did not inform him about the sentencing process. Thus, the Court finds that Defendant has failed to establish that his attorney did not tell him he could receive a sentence of more than ten years based on sentence enhancement factors.

Furthermore, even if Defendant's attorney did not tell him anything about the sentencing process before his plea hearing, Defendant still cannot satisfy <u>Strickland</u>'s prejudice requirement, because the prosecutor and the Court informed Defendant about the sentencing process before his guilty plea was entered. As shown in the preceding paragraph, the prosecutor effectively informed Defendant about the sentencing process by questioning him during the plea hearing. In addition, the Court expressly informed Defendant that he could receive a sentence that would be longer than

the ten-year mandatory minimum.  The plea hearing included the following exchange between the

Court and Defendant:

> [THE COURT:]  The Government lawyer has just gone through what some of the
> sentencing considerations would be for the Court.  This particular offense to which
> you propose to plead guilty would call for a ten-year mandatory minimum sentence.
> Now, what that means is when we come back here -- if I accept your plea of guilty
> and we come back here in a couple of months for sentencing, unless something else
> happens that we don't know about right now, I would be required to sentence you to
> at least ten years in prison.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT:  And it could be higher because in addition to the mandatory
> minimum, I'm required to look at a federal statute which sets forth the factors which
> I should take into account in determining what is an appropriate sentence...."

(PT, pp. 16-17, [emphasis added].)  Thus, even if Defendant's lawyer did not inform Defendant

about the prospect of an enhanced sentence, (a premise that has already been rejected), Defendant

cannot show prejudice, because he was otherwise informed, by the prosecutor and by the Court,

about sentence enhancement factors, before he entered his guilty plea.

**II.  Alleged failure to object to the determination of sentencing enhancement**

**factors by the Court, rather than a jury**

Defendant further argues that he was denied effective assistance of counsel because his

attorney did not oppose the manner in which two critical sentence enhancement factors were

determined.  As noted above, the Court found that (1) Defendant was a leader of the organization

that distributed the drugs at issue in this case, and (2) the total amount of the drugs at issue in this

case exceeded 15 kilograms.  (ST, pp. 29-30.)  Defendant contends that those two factors were

impermissibly determined by a judge, rather than a jury.

Defendant evidently believes that <u>any fact</u> that results in a longer prison sentence must be charged by indictment and found by a jury, and a criminal defendant can never receive a longer sentence based on any fact found only by a judge.  Based on this misunderstanding of the law, Defendant claims that his attorney erred by failing to challenge the two critical sentencing enhancement factors that were determined by the Court alone.  (<u>See</u> Defendant's memorandum in support of his § 2255 motion, [Doc. No. 645], at p. 9 ["the record is totally devoid of any evidence related to... counsel's MOVING the Court to protect his right to have the jury determine any aggravating factors"].)

Defendant's second ineffective assistance of counsel claim must be rejected on the merits, because it is predicated on the patently erroneous notion that <u>any factor</u> that adversely affects a defendant's sentence must be charged by indictment and found by a jury (unless expressly admitted by the defendant).  The Supreme Court has never said that criminal defendants are constitutionally entitled to a jury determination of all factors that affect sentencing.  Instead, the Supreme Court has said that defendants are entitled to a jury determination of facts that increase <u>the statutory sentencing range</u> – i.e., the statutory mandatory minimum, or the statutory maximum, of the prison term prescribed for the defendant's offense.

Sentencing factors that do not affect the statutory range of a sentence, but only affect the sentencing judge's discretionary determination of the sentence to be imposed <u>within the statutory range</u>, can be found by a judge alone, (i.e., without a jury).  The Supreme Court made this abundantly clear in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  There, the Court stated:

> "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by <u>judicial factfinding</u>, does <u>not</u> violate the Sixth Amendment.  <u>See</u>, <u>e.g.</u>, <u>Dillon v. United States</u>, ... 130 S. Ct. 2683, 2692... (2010) ('[W]ithin established

limits[,] ... the exercise of [sentencing] discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts' (emphasis deleted and internal quotation marks omitted)); <u>Apprendi [v. New Jersey</u>, 530 U.S. 466, 481 (2000)]... ('[N]othing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute')....
[¶] Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law."

<u>Id</u>. at 2163 (emphasis added).

In this case, the statutory range of Defendant's sentence was ten years (the mandatory minimum) to life in prison (the statutory maximum). This statutory sentencing range was determined based on facts admitted by Defendant at his plea hearing, (most notably that his offense involved more than 500 grams of cocaine and methamphetamine). The sentence that ultimately was imposed in this case, (192 months), was based on sentencing factors that were properly determined by the Court – including Defendant's leadership role, and the amount of the drugs involved in his offense. Because those sentencing factors only affected the Court's discretionary determination of the sentence to be imposed, <u>within the statutory range</u>, a jury finding on those factors was <u>not</u> required. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 233 (2005) ("when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant").

In sum, Defendant was not entitled to have a jury determine the enhancement factors that affected his sentencing – i.e., his leadership role and the amount of the drugs involved in the offense. Therefore, Defendant's attorney did <u>not</u> err by failing to insist that those matters be determined by a jury. Furthermore, Defendant was not prejudiced by his attorney's failure to challenge the sentencing factors that were found by the Court, (rather than a jury), because if such a challenge had been raised, it would have been quickly rejected. Defendant's second ineffective assistance of

8

counsel claim must therefore be denied.  See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.

1994) (per curiam) ("counsel's failure to advance a meritless argument cannot constitute ineffective

assistance"); Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) ("[c]ounsel's

failure to raise... meritless issues does not constitute ineffective assistance").

### III.  Failure to seek "fast track downward departure"

Lastly, Defendant claims that he was denied effective assistance of counsel because his trial

attorney failed to seek and obtain a "fast track downward departure."  Defendant further claims that

he was denied effective assistance of appellate counsel, because his attorney did not raise this issue

in his direct appeal to the Eighth Circuit.

Defendant's fast track argument is based on Section 5K3.1 of the United States Sentencing

Guidelines.  According to the Eighth Circuit:

> "Section 5K3.1, adopted in 2003 to implement a directive of Congress in the
> PROTECT Act, provides: 'Upon motion of the Government, the court may depart
> downward not more than 4 levels pursuant to an early disposition program
> authorized by the Attorney General of the United States and the United States
> Attorney for the district in which the court resides.'
>
> The United States Attorney's Office for the District of Minnesota announced
> it would implement a non-retroactive fast-track program on March 1, 2012.  See
> United States v. Rascon–Olivas, No. 10–CR–0230(21), 2012 WL 695838, at *1 n.1
> (D.Minn. Feb. 28, 2012)."

United States v. Longarica, 699 F.3d 1010, 1012, n.2 (8th Cir. 2012) (emphasis added).

Although the District of Minnesota has adopted a fast track program pursuant to § 5K3.1,

the program applies only to cases in which the defendant is charged with illegal entry into the United

States.  United States v. Alvarez-Quiroz, Crim. No. 06-310(3) (ADM), (D.Minn. 2012), 2012 WL

2003501 at *2.  "A sentence reduction pursuant to fast track programs is not available for

convictions in drug cases."  Id.  Therefore, in this case, Defendant was plainly ineligible for a

sentence reduction under Minnesota's fast track program.[1]

Because Defendant was not eligible for a lower sentence under the fast track program, his attorneys committed no error, at sentencing or on appeal, by failing to seek relief under the program. Furthermore, Defendant did not suffer any prejudice because of his attorneys' failure to pursue a fast track sentence reduction, because any such effort would have been utterly futile. Therefore, Defendant's third claim of ineffective assistance of counsel must also be denied. See Rodriguez, supra; Thomas, supra.

## CONCLUSION

For the reasons discussed above, the Court finds that none of Defendant's legal challenges to his sentence is sustainable. All of Defendant's claims are denied on the merits, and his § 2255 Motion will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The Court anticipates that Defendant may seek appellate review of this ruling on his § 2255 Motion. However, a federal prisoner may not appeal a final order in a proceeding under § 2255, without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also

---

[1] Furthermore, a criminal defendant is not eligible for the fast track program, unless the Government proposes to use the program. See Alvarez-Quiroz, 2012 WL 2003501 at *2 ("Defendants are not eligible to request their sentencing Court for a fast track sentence reduction or to compel the Government to ask for the reduction. Before sentencing, if it is determined appropriate, the Government may move for a downward departure from the adjusted base level offense pursuant to the fast track program."). In this case, sentencing under the fast track program was not available, because the Government did not seek to use the program, (which is hardly surprising, as Defendant was not eligible for a downward departure under the program due to the nature of his crime – i.e., a drug offense rather than illegal entry).

Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The Court finds that the resolution of Defendant's current § 2255 claims is not "debatable among reasonable jurists." Flieger, 16 F.3d at 882-83. It is extremely unlikely that any court, including the Eighth Circuit Court of Appeals, would decide Defendant's claims differently than they have been decided here. This case does not present any important questions of law that warrant appellate review. Therefore, Defendant is not entitled to a Certificate of Appealability in this matter.

## ORDER

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED:**

(1) Defendant's Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 645) is **DENIED WITH PREJUDICE**; and

(2) Defendant will not be granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 19, 2014

s/Richard H. Kyle

RICHARD H. KYLE
United States District Judge
