UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 10-288(1) (PAM/DTS)

          Plaintiff,

v.                                                                                     **ORDER**

Rony Eleazar Guerra-Guala,

          Defendant.
_____

    This matter is before the Court on Defendant Rony Eleazar Guerra-Guala's request for compassionate release under the First Step Act. (Docket No. 776.) Guerra-Guala did not file a motion seeking his release but filed a "pro se brief in support of motion for reduction in sentence," which the Court has construed as a Motion for Compassionate Release. Guerra-Guala contends that his medical condition warrants compassionate release, that his sentence is contrary to public policy and subsequent sentencing-guidelines amendments, and finally that his family circumstances as well as his efforts at rehabilitation during his incarceration make early release appropriate.

    Guerra-Guala asserts that he submitted his request for release to the Warden of his facility on October 10, 2022. Although he provides no evidence that he did so, the Court will assume that he has exhausted his administrative remedies for purposes of this compassionate-release Motion and that it is therefore ripe for consideration. See United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).

    Guerra-Guala recognizes that compassionate release under the First Step Act is generally reserved for prisoners who are over age 65 and suffer from serious health

conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Specifically, the Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Defendant argues that he is obese, making him more susceptible to serious infection from Covid-19. Although obesity is a risk factor for serious illness should be contract Covid-19, the vaccinations Guerra-Guala has received should protect him from any serious side effects. Moreover, he is only 40 years old, and his body-mass index is 31, only slightly above the obesity threshold of 30. He has not established that the Covid-19 pandemic, coupled with his health situation, constitutes an "extraordinary and compelling" circumstance warranting his release.

Guerra-Guala also argues that numerous courts have determined that the methamphetamine guidelines under which he was sentenced are unduly harsh and have chosen to sentence similarly situated defendants below those guidelines. Putting aside that he received a substantial departure from the otherwise-applicable guidelines range, "prospective changes in sentencing policy or philosophy" are not appropriate considerations in a compassionate-release motion. United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022). In other words, "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." Id.

Guerra-Guala's argument regarding the subsequently enacted Amendment 790 fares no better. According to Guerra-Guala, this amendment changed the standard for evaluating when a member of a conspiracy should be considered responsible for the actions of his co-conspirators. But this legal argument is more appropriately raised in a motion to vacate under § 2255, and having filed one such motion, Guerra-Guala would require the permission of the Eighth Circuit Court of Appeals to raise this challenge. 28 U.S.C. § 2244(b)(3). He "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." Crandall, 25 F.4th at 586.

Guerra-Guala next contends that he is the only caregiver for his elderly father and should be released on that basis. The non-binding comment provides that family circumstances can justify compassionate release in some instances but restricts those circumstances to caring for minor children, spouse, or partner. U.S.S.G. § 1B1.13, cmt. n.1(C). There is a split of authority as to whether the need to care for an aging parent is the type of extraordinary or compelling reason for a prisoner's early release. Compare United States v. Ingram, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents."); with United States v. Ledezma-Rodriguez, 472 F. Supp. 3d 498, 507 (S.D. Iowa 2020) (finding that "the need to care for a parent could be sufficient in some circumstances" for compassionate release). The Court need not resolve this issue, because while Guerra-Guala's family circumstance could provide some support for his release, it does not by itself warrant that release.

Finally, Guerra-Guala points to his efforts to rehabilitate himself as justifying early release. The Court commends Guerra-Guala for his participation in numerous educational programs and encourages him to continue to take advantage of the programming in his facility. But Guerra-Guala's rehabilitation does not outweigh the other sentencing factors the Court must consider. 18 U.S.C. § 3553(a). The instant offense was extremely serious, involving substantial quantities of methamphetamine. Although Guerra-Guala argues that he was not a leader of the conspiracy, he had at least a significant role in it. In the Court's view, the sentence Guerra-Guala received was appropriate in light of the seriousness of his offense and the need to deter others from pursuing similar conduct. Id. Guerra-Guala's early release is not appropriate under § 3553(a) or the First Step Act.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Reduction in Sentence (Docket No. 776) is **DENIED**.

Dated: Tuesday, November 15, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge